## THOMAS L. HUFF *v.* EUCLID BORLAND.

Property purchased by the husband in Louisiana before a married couple came here to live, is not community property, although it was the intention of the parties to remove to Louisiana. C. C. 2370.

Property acquired by the husband after the death of his wife, does not belong to the community.

APPEAL from the District Court of Plaquemine, *Rousseau*, J. *J. Q. Bradford*, for plaintiff. *Benjamin & Micou*, for defendant. The judgment of the court was pronounced by

PRESTON, J. The defendant being a married man, came to this State, from the State of Mississippi, in November, 1846, and purchased a tract of land. He

purchased two other tracts; one on the 26th of January, and one on the 25th of March, 1850.

His wife died on the 15th of January, 1850, leaving as her heirs, two minor children, of whom the plaintiff is the under-tutor, and the defendant the father and tutor.

The defendant, in making the inventory of the succession of his wife, represented the lands purchased as above mentioned as his separate property. The under-tutor of his children contends, and has brought this suit to establish that these lands belong to the community of acquets, which existed between the defendant and his late wife.

The two last mentioned tracts were purchased after her death ; and it is clear, therefore, that the district judge decided correctly that they do not belong to the community, having been acquired after it ceased to exist.

In purchasing the first tract in November, 1846, the defendant described himself as a resident of Holly Springs, Marshall county, State of Mississippi. And, although it is admitted in argument that he purchased with the intention of removing to Louisiana, yet, in point of fact, he did not remove with his wife and family to this State until January, 1847.

Now the words of article 2370, of the code are very explicit, that, " A marriage contracted out of this State between persons who afterwards come here to live, is also subjected to the community of acquets, with respect to such property as is *acquired after their arrival.* These terms exclude property which was acquired before the arrival of either husband or wife for the purpose of residence in this State.

The reasoning of the court in the case of *Saul* v. *His Creditors,* is greatly relied upon, to show that the property first purchased belongs to the community of acquets. The facts in that case occurred before the introduction of the above quoted article into our jurisprudence ; still, on examining the facts in that case, and the decision of the court, there is nothing in either which conflicts with our interpretation of this article of the code. It conflicts, perhaps, with the reasoning of the court in that case, which, it is proper to observe, has not so generally commanded the approbation of the bar and the bench as the decision itself.

Be that as it may, the letter of the present code forbids us to consider property purchased before the arrival of the spouses in the State, as community property. And we think good policy requires the restriction of community property within the very letter of the law. In this very case the defendant might find it greatly for the advantage of himself and children, to dispose of the property in controversy, and yet be greatly embarrassed in doing so, if it belonged to a community of acquets, instead of belonging to him separately.

We are of opinion that the judgment of the district court should be reversed ; and it is reversed, and decreed, that the property described in the petition be decreed to be the separate property of the defendant, and that the succession of the deceased wife of the defendant pay the costs in both courts.